## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                              :
THOMAS EDMONDS,               :
                              :     Civil Action No.
              Petitioner,     :     10-2669 (RMB)
                              :
         v.                   :     MEMORANDUM OPINION
                              :     AND ORDER
UNITED STATES                 :
OF AMERICA et al.,            :
                              :
              Respondent.     :
_____:
```

This matter is before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), and it appearing that:

1. The Petition was executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. However, the Petition, in no ambiguous terms, challenges the sentence imposed by the federal court presiding over Petitioner's criminal prosecution. See generally, id. (asserting that Petitioner's federal sentencing court erred by enhancing his sentence). The Petition clarifies that Petitioner's federal sentencing court was the United States District Court for the Middle District of Georgia, see id. at 3, and that Petitioner challenged his conviction by filing a Section 2255 motion,

which was denied.[1]  See id. at 4.

2.   Petitioner is mistakenly under the impression that his application is properly filed with this Court under Section 2241.  This Court is without jurisdiction under § 2241 to entertain the Petition.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

3.   Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless-  . . .  He is in custody in

---

[1] Petitioner clarifies that his challenge to sentence enhancement was raised not in his Section 2255 motion by on direct appeal which was dismissed.  See Docket Entry No. 1, at 4.  Petitioner also clarifies that he attempted to challenge his sentence enhancement by means of filing a successive Section 2255 motion, which was dismissed.  See id.  Petitioner asserts that his second Section 225 motion was dismissed as time-barred, See id., although it appears more likely that such motion was denied as second/successive, although the distinction is of no effect to the analysis conducted with regard to he instant Petition.

violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).   As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[2]   See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   "Motions pursuant to 28 U.S.C. § 2255 are

---

[2]

The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).   This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[3]   See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251.  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from

---

[3]

The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> (emphasis supplied). Indeed, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539.[4]

4.    Here, Petitioner does not assert any grounds as to why Section 2255 would be "inadequate or ineffective" remedy to address his challenges to his federal sentence.  All he asserts is that his federal sentence was erroneously enhanced.  This Court, however, has no jurisdiction to second guess the decision of Petitioner's federal sentencing court.

_____

        [4] In <u>Dorsainvil</u>, the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), only where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d at 251-52.  The <u>Dorsainvil</u> exception, however, is facially inapplicable to the case at bar.

IT IS, therefore, on this **28th** day of **October 2010**,

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction;[5] and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and shall close the file on this matter.

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge

---

[5] Since Petitioner has already filed a Section 2255 motion with the sentencing court, this Court finds it not in the interests of justice to construe the Petition as Petitioner's Section 2255 motion, and will not forward it to the United States District Court for the Middle District of Georgia.  Analogously, the Court finds it not in the interests of justice to construe the Petition as an application for leave to file a second/successive § 2255 petition and will not direct transfer of the Petition to the Court of Appeals for the Eleventh Circuit. However, this Court's decision not to transfer the Petition should not be construed as barring Petitioner from seeking leave from the Court of Appeals for the Eleventh Circuit in order to file a second/successive § 2255 motion with the United States District Court for the Middle District of Georgia, in the event Petitioner elects to do so.  That being said, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion that Petitioner's application for such leave should be deemed valid (or invalid) either procedurally or substantively.